THE STATE OF NEW JERSEY, DAVID T. WILENTZ, ATTORNEY-GENERAL, EX. REL. JOSEPH L. ROGERS, RELATOR, v. THOMAS D. TAGGART, JR., RESPONDENT.

Argued May 5, 1937—Decided September 18, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the relator, *Edward I. Baker.*

For the respondent, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This case comes to us upon a demurrer to a plea filed in an information in *quo warranto* proceedings. The information is filed in the name of the attorney-general, by a citizen and taxpayer of Atlantic City, under section 1 of the statute. 3 *Comp. Stat., p.* 4210. The question raised is whether the respondent, Thomas D. Taggart, Jr., who holds the office of recorder of Atlantic City, has, by his election to the state legislature and taking his seat as a member of the general assembly, thereby caused a vacation of his office of recorder. Mr. Taggart was appointed recorder of Atlantic City on March 26th, 1936. He was elected a member of the house of assembly of New Jersey at the November election in 1936, and took his seat as such member in the ensuing January.

The language of our constitution, relied upon to oust the respondent, may be found in article IV, section 5, paragraph 3 of the constitution of the State of New Jersey, as amended (1844), and reads as follows:

"No justice of the Supreme Court, nor judge of any other court, sheriff, justice of the peace, nor any person or persons possessed of any office of profit under the government of this state shall be entitled to a seat either in the senate or in the general assembly; but on being elected and taking his seat his office shall be considered vacant; and no person holding any office of profit under the government of the United States shall be entitled to a seat in either house."

The information filed February 17th, 1937, alleges that the respondent unlawfully occupies the office of recorder of Atlantic City because he also is a member of the house of assembly of the State of New Jersey; alleges that as such

recorder he is authorized to exercise the powers and duties of a justice of the peace in criminal cases (chapter 160, *Pamph. L.* 1933, *p.* 331, § 5) and that since justices of the peace, as such, expressly fall within the interdiction of the constitution, the continuance of the respondent in the office of recorder is in defiance of the constitution and illegal.

The plea of the respondent denies that he unlawfully holds said office; asserts that the office of recorder is a municipal office (chapter 107, *Pamph. L.* 1902, *p.* 337, § 110), and, further, that certain other persons in the past have held the office of recorder of Atlantic City although at the same time they were members of the legislature, and that these several persons occupied and fulfilled the duties of both offices simultaneously without question or objection; that in the case of the respondent he was elected an assemblyman from Atlantic county in 1934, was re-elected in 1935, and again in 1936; that in July, 1935, while an assemblyman, he was appointed recorder to fill an unexpired term, and that in 1936, he was appointed recorder for a term of three years.

The respondent, in his plea, points to eight instances in the last fifteen years where recorders of cities or towns, including Atlantic City, were, at the same time, members of the legislature; to seven instances where members of the legislature also occupied the office of mayor of the several municipalities in which they resided and, as such mayor, were invested with the power and authority of a justice of the peace under the statute and that the holding of both such offices went unchallenged and that, therefore, the practical construction established by usage and custom should prevail in determining the meaning of this section of the constitution.

The argument of the respondent is two-fold—first, that the constitutional inhibition applies only to a judge of a state court, which the respondent is not, and, second, that the relevant language of the constitution is uncertain and therefore the interpretation placed upon it by custom and usage should be construed as correct by this court.

Is the holder of the office of recorder a "judge of any other court" as intended by the constitution?

The respondent argues that the recorder of Atlantic City is a municipal officer and not a judge or justice of the peace within the purview of the constitution. It may well be conceded that a recorder is a municipal officer. *Perry* v. *Bianchi*, 96 *N. J. L.* 113. But the respondent contends (a) that the constitutional inhibition applies only to a judge of the state court, and (b) that the words of the constitution, "judge of any other court" should be held to apply only to judges *eo nomine* and that since the respondent was appointed as "recorder" and not as "judge," he is outside the letter and the meaning of the constitutional interdiction. This second or alternative argument seems to be without merit. We dare say that no one would seriously urge that the chancellor of the state (prescinding from the provisions of article VII, section 2, paragraph 1 of the constitution) or any of the vice-chancellors of the Court of Chancery might, while occupying their high office, serve as a member of the legislative branch of government. We therefore perceive no merit in the contention that only judges appointed to office by the designation of "judge" were intended by the constitution as the class disqualified from participation in the other branches of government.

The argument is also made that it could not have been the intention of the framers of the constitution that all judges come within the constitutional interdict since at times those who make up the legislative and executive branches partake of a jurisdiction judicial in character, and that such dual powers and duties would therefore be irreconcilable. For example, the governor, while chief executive, also acts as a member of the Court of Pardons (constitution, article V, section 10) and the senate, when the occasion arises, acts as a court for the trial of impeachments (constitution, article VI, section 3). We see no real incompatibility. In the first place the judicial functions so exercised are annexations to these respective offices (*People* v. *Mann,* 79 *N. Y.* 530), and, second, these incident duties are expressly made part of the jurisdiction of the office in question. These state officers do not hold the office of judge of a court according to the plain

meaning of that term but act as such on occasions and in accordance with the constitutional plan. Our constitution (article III, paragraph 1) reads as follows:

"The powers of the government shall be divided into three distinct departments—the Legislative, Executive and Judicial; and no person or persons belonging to, or constituting one of these departments, shall exercise any of the powers properly belonging to either of the others, except as herein expressly provided."

The instances cited come within the exception expressly provided.

It seems clear that the plain intention of the framers of the constitution was that no one who participated in the administration of one of these departments should be eligible to act in either of the others, but the exception, at the end of the section just quoted, is a complete answer to the argument that a governor of the state, though at stated times he acts as a member or judge of the Court of Pardons, or a senator who, when occasions arises, acts as a member or judge of a court for the trial of impeachments, comes within the scope of the constitutional ban.

A consideration of the third article, just quoted, makes it plain that the intention of those who framed the constitution was that legislators should not exercise any judicial power, generally. Indeed the language of the constitution of 1776 (section XX), while not complimentary, none the less points the way to the intention of those who framed that constitution:

"That the legislative department of this colony may, as much as possible, be preserved from all suspicion of corruption, none of the judges of the supreme, or other courts, sheriffs, or any other person or persons possessed of any post of profit under the government, other than justices of the peace, shall be entitled to a seat in the assembly; but that on his being elected and taking his seat, his post or office shall be considered as vacant."

A judge may be defined as "a public officer lawfully appointed to decide litigated questions according to law."

*Bouv. Dict.* (*Rawles'* 3d ed.) 1711; 12 *Am. & Eng. Encycl.* 716. The respondent, as recorder, possesses all these attributes and cannot be excluded from the class.

A recorder's court is a court in the comprehensive sense in which that word is used in the constitutional section under consideration and the recorder is the judge of it. The fact that it is a municipal court does not remove it from the all-embracing term "court," and we therefore think that the respondent's first point fails.

As to the second point—that the court should adopt the practical construction placed over a period of years upon this constitutional language—we also think it is without substance. The language is clear, definite, precise and unambiguous and no amount of "practical construction" over a period of years can overcome the meaning of words that contain no room for doubt. As an example of this see *State* v. *Wrightson,* 56 *N. J. L.* 126, where, although for years members of the house of assembly had been elected by districts, and the practice had been generally accepted, yet when the method was challenged and brought into this court, there was no hesitancy in declaring a statute providing for the election of members of the assembly, from assembly districts set up within the county, unconstitutional.

A long list of cases cited by the respondent in favor of his argument for "practical construction," of which *State* v. *Kelsey,* 44 *N. J. L.* 1, and *Assessors* v. *Central Railroad,* 49 *Id.* 146, are typical, would, of course, be controlling except for the fact that they are premised on the proposition that the statute or language in question in those cases was of uncertain meaning, which in this case before us is a supposition contrary to the fact.

We conclude therefore that there must be a judgment of ouster.